24769.    HARDY et al. v. CITIZENS & SOUTHERN NATIONAL BANK et al.

ARGUED SEPTEMBER 13, 1968—DECIDED OCTOBER 10, 1968.

*Ferrin Y. Mathews,* for appellants.

*I. T. Cohen, Ben Kohler, Jr., George G. Finch, Powell, Goldstein, Frazer & Murphy, B. D. Murphy, James N. Frazer, Robert R. Harbin, Albert M. Horn, Wilkinson, Nance & Head, Virginia A. Bonner, Marvin G. Russell, Rose, Silverman & Hunt, Edwin F. Hunt, Spearman, Bynum & Goodwin, William L. Spearman, Hugh W. Stone, John P. McKinley,* for appellees.

ALMAND, Presiding Justice. In September of 1967 the Citizens & Southern National Bank and two named individuals, as trustees, filed their petition in Fulton Superior Court in which they sought direction as to matters and claims of various parties against the trust estate. Petitioners alleged that on November 2, 1960, Otto Orkin, as donor, executed an irrevocable trust agreement whereby he transferred certain property to the petitioners as

trustees. Petitioners accepted the trusteeship, and a copy of the trust agreement was attached to the petition. Paragraphs 3 and 4 of the trust agreement provide: "3. So long as the donor shall live all of the net income from the trust estate (after deduction of any payments permitted by this agreement) shall be paid to him in convenient instalments (or paid for his benefit as he shall request in writing), but not less frequently than quarterly, provided, however, that in the event of donor's incapacity for any reason the trustees shall be authorized to pay and/or use so much of the net income as they deem necessary for his care, support, comfort and welfare. Any unexpended portion of the income shall be added to corpus.

"4. (a) Donor shall have the unlimited right at any time and from time to time, to encroach upon the corpus of this trust in such amounts as he may in writing direct, provided, however, that any such encroachment must be concurred in by the corporate trustee.

"(b) In the event of donor's incapacity for any reason the trustees shall have the right to encroach upon the corpus of the trust estate in such amounts and at such times as they deem proper for donor's care, support, comfort and welfare."

On August 26, 1964, on the petition of his wife, Mrs. Ann Powell Orkin, Otto Orkin was declared incompetent by the Cobb County Court of Ordinary, and Mrs. Orkin was named as the guardian of his person and property. Mrs. Orkin served as guardian of Mr. Orkin's person and property until she was removed as guardian of his property by the Cobb County Court of Ordinary on February 21, 1966. It was alleged in Paragraph 6 of the petition that Mrs. Orkin while serving as guardian of the property of Mr. Orkin had incurred debts which were itemized and totaled $24,427.30. It was further alleged in Paragraph 7(b) (1) and (2) of the petition that: "(1) Demand has been made by Marvin G. Russell for attorneys' fees in the amount of $10,000 as a result of legal services claimed to have been rendered to Mrs. Ann Powell Orkin in her capacity as guardian of the property of Mr. Orkin.

"(2) Petitioners have also received demand from Messrs. James E. Hardy and William N. Robinson for attorneys' fees

for services claimed to have been rendered Mrs. Orkin, as guardian for Mr. Orkin, in the amount of $30,000, and have received a demand on behalf of Mr. William N. Robinson for the payment of an additional sum of $12,000 represented by a judgment held by him against Mrs. Ann Powell Orkin for that amount, which judgment petitioners are told was obtained for services rendered Mrs. Orkin, as guardian for Mr. Orkin."

The petitioners prayed for direction as to which of the debts and claims described in Paragraphs 5, 6 and 7, if any, should properly be paid by them out of the trust estate.

William N. Robinson filed his intervention in the case on October 5, 1967, in which he prayed that the trustees be required to pay him $12,000 plus interest and cost. Robinson asserted that he was employed on April 26, 1965, by Mrs. Orkin to represent her as attorney in her capacity as guardian of the person and property of Otto Orkin. Attached to the intervention were orders of the Cobb County Court of Ordinary approving Mrs. Orkin's employment of Robinson as her attorney and awarding Robinson attorney's fees in the sum of $12,000 to be paid from the estate of Otto Orkin.

James E. Hardy and William N. Robinson on October 5, 1967, filed their intervention in which they alleged that they were employed as attorneys at law to represent the estate of Otto Orkin and Mrs. Ann Orkin, guardian; and that Mrs. Ann Orkin in consideration of the legal services rendered executed a promissory note on February 18, 1966, in the sum of $30,000 which was signed "Mrs. Ann Powell Orkin, Individually and as Guardian of Otto Orkin." The intervenors prayed that the trustees be ordered to pay them the stated sum plus interest.

The interventions of Robinson and Hardy came on for a hearing before the Honorable Jesse M. Wood, Judge Emeritus. The affidavits of the intervenors were introduced in evidence in which they related the particulars of their employment as attorneys to represent Mrs. Orkin in her capacity as guardian of the person and property of Otto Orkin, and in which they gave a detailed description of various legal services they rendered Mrs. Orkin in her capacity as guardian.

The trial court on April 30, 1968, entered its judgment which

in part recited: "Considering all of the evidence in the case and the law applicable to the issues involved in the case, it is hereby considered, ordered, adjudged and decreed: . . . 2. Following the declaration of incompetency of Mr. Otto Orkin on August 26, 1964, neither Mrs. Orkin, as guardian of Mr. Orkin, nor any successor guardian, could bind the trust estate for any indebtedness without the consent of the trustees. Further, Mrs. Orkin, as the wife of Mr. Orkin, cannot bind the trust estate so long as provision is being made for the payment of her care, maintenance and support as provided by the order of this court in Case No. D-24332 dated February 6, 1967. Therefore, the petitioners, as such trustees, are not obligated to pay from the trust estate those debts described in paragraph 6 of the complaint herein, and incurred after August 26, 1964, except such of those debts as may represent medical, hospital and dental expenses of both Mr. and Mrs. Orkin, and the trustees are authorized to pay any of such like debts which may be submitted to said trustees and they find them to be correct. "3. The petitioners, as trustees, are not obligated to pay from the trust estate the attorneys fees of Messrs. James E. Hardy, William N. Robinson and Marvin G. Russell, as described in paragraph 7 (b), (1) and 7 (b), (2) of the complaint."

James E. Hardy and William N. Robinson appeal from and enumerate their sole ground of error on the judgment holding that the trustees were not obligated to pay from the trust estate the attorneys' fees claimed by them to be due for services rendered to Mrs. Ann Orkin, guardian of the estate of Otto Orkin.

It is clear from the reading of the trust agreement that the donor, Otto Orkin, transferred title of the trust property to the trustees and whatever rights he had in said property were governed by the trust indenture. In this agreement Mr. Orkin reserved the income for his use for his lifetime and was entitled to encroach upon the corpus when concurred in and approved by the corporate trustee. Under the agreement if Mr. Orkin became incapacitated he was only entitled to have the trustees pay or use so much of the net income as they might deem necessary for his care, support, comfort and welfare, with no right of encroachment by him, but with the trustees having the

sole right to encroach on the corpus in such amounts and at such times as they deemed it proper for his care, support, comfort and welfare.

The trial court in the instant case ruled that after Otto Orkin was declared incompetent on August 26, 1964, his guardian could not bind the trust estate for any indebtedness without the consent of the trustees and that Mrs. Orkin, as the wife of Mr. Orkin, could not bind the trust estate so long as provision was being made for her care, maintenance and support as provided for by the order of Fulton Superior Court in case No. D-24332 of February 6, 1967. There is no appeal taken from this portion of the order.

There is no evidence in the record that the intervenors ever rendered any services to the trustees or that the trustees consented to the guardian's incurring indebtedness to the intervenors for rendering legal services to her in the ward's estate. On the contrary, their employment was by the guardian to represent the estate of Otto Orkin. The guardianship estate is separate and distinct from the trust estate. Any claim the intervenors had for compensation for services rendered to Mrs. Orkin in her capacity as guardian would be chargeable only against the estate or property in the possession of the guardian. The orders of the ordinary allowing the fee of $12,000 provided that it was a claim against the estate of Otto Orkin, and the promissory note for $30,000 was the obligation of Mrs. Orkin individually and as guardian of her ward's estate which is separate and distinct from the trust estate.

The attorneys' fees claimed in the instant case do not fall within the scope of the ruling in *Citizens &c. Nat. Bank v. Orkin*, 223 Ga. 385 (156 SE2d 86). There the claim for attorneys' fees related to a criminal proceeding against Mrs. Orkin in her individual capacity affecting her position as the wife of Mr. Orkin and was denominated as "a necessary" which the husband was bound to provide. In the instant case the employment of the intervening attorneys was to represent Mrs. Orkin in her capacity as guardian of the property of Mr. Orkin and not in her capacity solely as the wife of Mr. Orkin.

The trial court properly disallowed the claim of the intervenors as a charge against the trust estate.

*Judgment affirmed. All the Justices concur.*